**Marquis Aurbach Coffing**
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
SHANE W. CLAYTON, ESQ.
Nevada Bar No. 8783
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
amarquis@maclaw.com
sclayton@maclaw.com

MICHAEL J. AMADOR, ESQ.
Nevada Bar No. 2323
MICHAEL J. AMADOR, CHTD.
800 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-2990
Facsimile: (702) 382-0495
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANE DOE, individually,

Plaintiff,

vs.

THE LIGHT GROUP, LLC, a Nevada Limited Liability Company; DANCING MONKEY, LLC, dba JET NIGHTCLUB AT THE MIRAGE; PHIL LICADA; JAMES SCOTT; DAN DIAGOSTINO; JAMES REYES; DOES I though XXXI; ROE corporations I through XXXI, inclusive,

Defendants.

Case No: 2:11-cv-00286-RLH-GWF

1. Sexual Harassment
2. Hostile Work Environment
3. Wrongful/Constructive Discharge
4. Assault
5. Battery
6. Intentional Infliction of Emotional Distress
7. Negligent Infliction of Emotional Distress
8. Concert of Action
9. Civil Conspiracy
10. Breach of Contract
11. Tortious Breach of the Covenant of Good Faith and Fair Dealing

**SECOND AMENDED COMPLAINT**

Plaintiff, Jane Doe (hereinafter "Plaintiff"), whose identity is withheld due to privacy concerns and fear of retaliation from Defendants, by and through her attorneys, Albert G. Marquis, Esq. and Shane W. Clayton, Esq., of Marquis Aurbach Coffing, as well as Michael J. Amador, Esq., of Michael J. Amador, Chtd., and hereby alleges the following against each of the

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Defendants as follows:

**NATURE OF THE ACTION**

1. This action is brought in part pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et. seq.).

2. Plaintiff asserts that while working for Defendants, THE LIGHT GROUP, LLC ("THE LIGHT GROUP") and/or DANCING MONKEY, LLC, dba "JET NIGHTCLUB AT THE MIRAGE," she was subjected to a hostile work environment because of sex, sexual harassment, sexual discrimination, battery and unlawful employment practices as herein alleged.

**JURISDICTION AND VENUE**

3. This action is brought to remedy, among other things, sexual harassment, sex discrimination, and a hostile work environment all in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991 and codified at 42 U.S.C. § 2000e et. seq. (Title VII), as well as the corresponding Nevada Revised Statutes (N.R.S.) § 613.330 et. seq.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this matter involves a question of federal law including Title VII.

5. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment. Plaintiff seeks injunctive and declaratory relief, damages and other appropriate legal and equitable remedies pursuant to 42 U.S.C. § 2000e et. seq. and N.R.S. § 613.330 et. seq.

6. Additionally, jurisdiction and venue herein is properly in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and under N.R.S. § 613.330 et. seq.

7. This Court has supplemental jurisdiction over the claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. § 1367 and the principles of pendent jurisdiction.

8. Defendant THE LIGHT GROUP, with its subsidiaries, is a limited liability company with offices in the State of Nevada, doing business therein.

9. At all times relevant herein, the employment practices and the alleged unlawful

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

sexual harassment, discrimination and other unlawful and tortious acts were committed within the jurisdiction of the United States District Court for the Southern District of Nevada, and therefore, venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3).

10. At all times relevant herein, this Court has personal jurisdiction over each of the Defendants, DANCING MONKEY, LLC, dba JET NIGHTCLUB AT THE MIRAGE, THE LIGHT GROUP, DAN DIAGOSTINO, PHIL LICADA and JAMES SCOTT, DOES I through XXXI and ROE Corporations I through XXXI, inclusive, because each of said Defendants conducted and conduct substantial business in the State of Nevada and maintain an office at 6276 South Rainbow, Suite 120, Las Vegas, Nevada 89118, and/or the individuals named herein were residents of the State of Nevada within Clark County, Nevada.

**PARTIES**

11. Plaintiff is an adult 23-year-old female, and is a citizen of the United States and was a resident of the State of Nevada, County of Clark, during the duration of her employment with THE LIGHT GROUP.

12. THE LIGHT GROUP, through various LLC's, operates eight night clubs at MGM Hotels/Casinos in Las Vegas including Jet and Revolution at the Mirage; The Deuce Lounge, Haze and Gold at Aria, the Bank and Caramel at the Bellagio, and Diablos Cantina at the Monte Carlo. THE LIGHT GROUP also operates seven restaurants including Fix at the Bellagio.

13. Plaintiff is informed and believes and thereon alleges that the Defendants, PHIL LICADA, JAMES SCOTT, DAN DIAGOSTINO AND JAMES REYES, and DOES I through XXXI, and each of them, are residents of the State of Nevada, County of Clark.

14. Defendants DANCING MONKEY, LLC, dba JET NIGHTCLUB AT THE MIRAGE, and Defendant, THE LIGHT GROUP are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

15. Defendant THE LIGHT GROUP is a Nevada limited liability company, organized and existing under the laws of the State of Nevada, and is doing business in the State of Nevada, with its principle place of business at 6276 South Rainbow, Suite 120, Las Vegas, Nevada 89118.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

16. DANCING MONKEY, LLC is doing business as Jet Nightclub at the Mirage Hotel and Casino and is a Nevada limited liability company.

17. Plaintiff is informed and believes that at all times relevant hereto, Defendants, and each of them, engaged in an industry affecting commerce and employed more than twenty (20) regular employees.

18. Plaintiff is informed and believes that at all times relevant hereto, Defendants, PHIL LICADA, JAMES SCOTT, DAN DIAGOSTINO and JAMES REYES, were the agents, employees and/or co-conspirators of the other Defendants, and each of them were acting within the course and scope of their agency, employment, and/or concert of action and are vicariously liable, jointly and severally, for the actions or inactions, and/or omissions of themselves and of the other Defendants which proximately resulted in the physical, emotional and future damages to the Plaintiff as alleged herein.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

19. At all times relevant herein and as herein alleged, the true names and capacities, whether individuals, corporate, co-partnership, corporate subsidiaries or affiliates, agents, representatives, employees, employers, co-conspirators, associates or otherwise, of DOES I through XXXI and ROE Corporations I through XXXI, are unknown to the Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants designated as a DOE individual or ROE Corporation are legally and/or negligently responsible and/or liable in the manner set forth below for the actions, inactions, negligent supervision, negligent training, conduct, and/or other omissions, where there was a duty to act as set forth herein concerning the events and happenings herein referred to which proximately caused the injuries and damages suffered by the Plaintiff herein, and each of them, as alleged below. Plaintiff requests leave of Court to amend the Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, to join such Defendants in this action and assert the appropriate charging allegations.

**ADMINISTRATIVE EXHAUSTION**

20. On February 24, 2010, Plaintiff timely filed a discrimination and sexual

harassment complaint along with her affidavit with the Nevada Equal Rights Commission ("NERC").

21. On June 29, 2010, Plaintiff filed her Notice of Charge of Discrimination and Sexual Harassment with the ("EEOC").

22. On December 2, 2010, the EEOC issued a Right to Sue letter which was sent to Plaintiff's counsel.

23. Plaintiff's original Complaint was filed within 90-days of receipt of the Right to Sue letter.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24. This is in part a Title VII sexual harassment and hostile work environment case arising out of the offensive, discriminatory, and unwelcome mistreatment of Plaintiff as herein alleged, as well as the negligent training and supervision of employees and management personnel who treated Plaintiff in the same and/or similar fashion on an almost daily basis during her employment with THE LIGHT GROUP, DANCING MONKEY, LLC and JET NIGHTCLUB AT THE MIRAGE from September 2008 through July 21, 2009.

25. Plaintiff began work for THE LIGHT GROUP at the age of 19 when she was hired to work as a hostess in the Fix Restaurant at the Bellagio. Almost immediately, Defendants began to "groom" Plaintiff to work at one of their nightclubs by encouraging her to lose weight and dress more provocatively. Agents of Defendants also began taking Plaintiff to various nightclubs and serving Plaintiff alcohol although Defendants knew Plaintiff was underage.

26. Defendants and their agents made it clear that they wanted to hire Plaintiff to work as a "hostess" at one of their nightclubs "as soon as Plaintiff turned 21." In fact, Defendants directed Plaintiff to attend orientation to work at Bare in the Mirage in February, 2008, before Plaintiff turned 21. Thereafter, Plaintiff worked at Bare between May and September of 2008 and at Jet between October of 2008 and July of 2009.

27. Prior to Plaintiff's association with "THE LIGHT GROUP" and its affiliates, Plaintiff was a hardworking student who came from a supportive and loving family. Plaintiff graduated from Coronado High School in 2005, and was involved in a variety of charitable

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

organizations as well as cheerleading. After high school graduation, Plaintiff attended college at Arizona State University for one year where she majored in interior design. The following summer, Plaintiff began working for "THE LIGHT GROUP" at one of their restaurants (Fix) as a Hostess.

28. On or about September 1, 2008, Plaintiff was hired by Defendants DANCING MONKEY, LLC, dba JET NIGHTCLUB AT THE MIRAGE, and THE LIGHT GROUP, as a hostess. Later, Plaintiff was promoted to be a VIP Cocktail Server at the Jet Nightclub.

29. Between October of 2008 and July 21, 2009, the staff and management at the Jet Nightclub engaged in the following wrongful activities toward the Plaintiff:

a. Made constant, inappropriate sexual remarks regarding her body including her buttocks and breasts;

b. Inappropriately grabbed and slapped her buttocks;

c. Groped and fondled Plaintiff's breasts;

d. Grabbed and inappropriately touched and grasped Plaintiff's waist;

e. Made lascivious and sexually provocative remarks regarding Plaintiff and her coworkers;

f. Forced Plaintiff to sit on the laps of VIP patrons and give them hugs and kisses, to touch them in a sexually provocative and inappropriate manner and to allow Plaintiff to be touched and fondled in a sexually provocative manner;

g. Degraded Plaintiff by groping and grabbing her in front of other employees, guests and management;

h. Provided Plaintiff with cocaine and encouraged her to ingest cocaine and excessive amounts of alcohol to maintain the proper image required by the Defendants.

30. Plaintiff also witnessed Defendants engage in similar repulsive acts towards other female hostesses and cocktail waitresses during work hours.

31. The foregoing acts were often done in front of VIP patrons, management and other employees, which made Plaintiff feel demoralized and degraded, causing past and future substantial emotional harm.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

32. Defendant JAMES SCOTT, inappropriately and/or lewdly and/or lasciviously fondled Plaintiff's breasts without her consent and propositioned Plaintiff to have sex with him at work.

33. Plaintiff has also experienced and witnessed on numerous occasions during work hours, the anger, intimidation, and retaliatory measures taken by Defendants, and each of them, when the female employees did not meet THE LIGHT GROUP "appearance criteria" of being pretty, skinny and dressing in an alluring and provocative manner or when employees resisted Defendants' advances.

34. During her employment with the THE LIGHT GROUP and its affiliates, Plaintiff felt pressured to have a certain type of appearance which was required to get the best shifts and better employment opportunities, which resulted in her obtaining breast implants and blond hair extensions.

35. During Plaintiff's entire employment until July 21, 2009, Plaintiff was never drug tested because Defendants knew that she was encouraged to and did in fact drink alcohol and ingest cocaine provided by THE LIGHT GROUP management and/or VIP hosts.

36. Plaintiff was trained in what was called THE LIGHT GROUP "marketing program" and was taught specific sexually provocative non-physical and physical techniques to convince patrons of Defendant's clubs to drink, take drugs and engage in sexual contact with Plaintiff and her female co-workers. Plaintiff and her co-workers were especially encouraged by management and VIP hosts to spend time with their high paying male customers, especially hotel executives, VIP guests, VIP sports figures and Hollywood celebrities.

37. At all times relevant herein, Plaintiff, and her co-workers were expected to "date" VIP patrons. Such "dates" included going to dinner, gambling, partying, engaging in inappropriate and unwanted sexual conduct, ingesting alcohol and drugs, and "hanging out", even on her days off.

38. Plaintiff was told by Defendants JAMES REYES and DAN DIAGOSTINO that by engaging in THE LIGHT GROUP'S "marketing program," "it would help her get Friday night table reservations." Reservation quotas were mandatory to maintain the best sections with

the highest tips for Plaintiff and other girls like her and failure to do so would result in retaliatory measures or less beneficial shifts and/or sections at work.

39. During her employment by Defendants, Customer Development Manager, Jodi Myer, asked Plaintiff to go on a work trip to Los Angeles (Hollywood/Beverly Hills area) to meet with Arab Light Group VIP patrons.

40. Plaintiff was told by another Light Group employee that such a trip was a test to see if she would sleep with the VIP guests because the girls that went on the work-related trips were expected to give sexual favors to VIP patrons and management and in turn would get treated to higher paying shifts, sections and/or promotions. An employee who "went all the way" with a patron was referred to as a "Company Girl."

41. At all times relevant herein, promotions and work benefits at THE LIGHT GROUP were based on the use of the herein referenced sexual "marketing techniques".

42. Throughout the scope of Plaintiff's employment with THE LIGHT GROUP, Plaintiff witnessed other female employees lose shifts and get transferred to less desirable sections as retaliatory measures when they objected to or reacted negatively to the lewd and lascivious acts, such as those complained of herein, or when they failed to follow THE LIGHT GROUP "marketing" practices imposed on Plaintiff and other female employees to sexually touch patrons and allow themselves to be touched, slapped or fondled inappropriately by patrons, especially VIP patrons, professional sports stars and/or Hollywood celebrities.

43. Plaintiff was afraid to complain about the inappropriate "marketing techniques" because she knew, based on witnessing retaliatory measures taken against other female employees, that she risked being written up or fired.

44. Plaintiff was told by Defendants that she was lucky to be there because "there were fifty other girls that were waiting for this job and that you are expendable".

45. At all times relevant herein the sexual harassment in this "hostile work environment" was constant throughout the time Plaintiff worked for the Defendants, and their "sister" companies, and that it continued to occur on or between October of 2009 and July 21, 2009.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

46. At all times relevant herein, Plaintiff was victimized, harassed, intimidated, screamed at, degraded, overworked and demoralized by Defendants

47. Plaintiff was forced to work on her days off "marketing" for Defendants, and was emotionally drained and had become dependent on the cocaine provided by the Defendants, including several staff and VIP hosts, which she took in order to keep her thin by the "LIGHT GROUP" standards and because she was encouraged to ingest alcohol and cocaine by the Defendants.

48. At all times relevant herein and as herein alleged, Plaintiff had to endure working under the circumstances alleged herein and the daily occurrence of sexual harassment, sexual battery and a hostile work environment as described herein.

49. Plaintiff witnessed Desiree Veilleux go through the same and/or similar degrading mistreatment, lewd and lascivious conduct and her ingestion of alcohol and cocaine during work as described above, which led Desiree Veilleux to such emotional harm, and which Plaintiff is informed and believes ultimately led her to overdose on drugs and death on May 26, 2009.

50. After Veilleux's death from a drug overdose in May, 2009, Plaintiff became concerned about the amount of alcohol and cocaine she was consuming at work, and she discussed her alcohol and cocaine problem with Defendant DAN DIAGOSTINO and told him: "I felt like I was going to die soon if I didn't get help and that I want to take you up on your offer to help me", but no such help was ever offered to Plaintiff, nor did Defendants ever drug test Plaintiff, knowing full well she had been provided cocaine by Defendants, in violation of their own written drug testing policy.

51. On July, 21, 2009, Plaintiff suffered an overdose of alcohol and cocaine while at work at the Jet Nightclub. Although it was apparent from Plaintiff's physical condition that she was ill and in need of immediate medical attention, Defendants DIAGOSTINO and LICADA offered no assistance and did not call an ambulance. Instead, DIAGOSTINO and LICADA placed Plaintiff in a taxi cab and simply sent her away.

52. Plaintiff was found face down and unconscious in a park three (3) hours later and was thereafter taken by ambulance to St. Rose Dominican Hospital in severe medical distress

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

from a drug overdose. Plaintiff was then transferred to Monte Vista Hospital (detox center) for five (5) days and then transferred to the Las Vegas Recovery Center for an additional five weeks of rehabilitation.

53. Defendants' failure to seek necessary medical assistance for Plaintiff in a timely manner, which resulted in substantial bodily harm to Plaintiff, was a violation of the duty and care set forth in NRS 453.3335.

54. The kind of intentional abuse and negligent supervision by the Defendants took precedent over the rights of their employees, which led to Plaintiff's drug overdose and almost to her death on July 21, 2009.

55. THE LIGHT GROUP management observed the workers each week and up until the last day of Plaintiff's employment, was well aware and present during the majority of the inappropriate behavior taking place as herein described, but never did anything to stop it.

56. As a direct result of the sexual harassment of Plaintiff by Defendants and the hostile working environment at THE LIGHT GROUP clubs, restaurants and other venues, Plaintiff and other young, female employees felt pressured to engage in inappropriate and illegal activities and felt generally humiliated, frightened and degraded.

57. As a direct result of Plaintiff being pressured by Defendants to consume alcohol and cocaine while at work, Plaintiff suffered numerous physical ailments including anorexia. Although 5'5" tall, Plaintiff weighed only 96 pounds on July 21, 2009 when she suffered her overdose and almost died.

58. Plaintiff and her family have incurred numerous medical and rehabilitation expenses in conjunction with Plaintiff's effort to recover from physical, emotional and mental damage she suffered as a result of being employed at Defendants' Bare and Jet Nightclubs over a nine month period.

**FIRST CAUSE OF ACTION**
**(Title VII and NRS 613.330 – Sexual Harassment/Discrimination)**

59. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

60. Plaintiff is a woman and a member of a protected group or class, and is entitled to those protections outlined in Title VII of the Civil Rights Act of 1964.

61. As alleged hereinabove, Plaintiff suffered unwelcome sexual advances constituting sexual harassment at the hands of Defendants and their agents and employees.

62. Plaintiff suffered said harassment specifically because she is a woman.

63. The sexual harassment which Plaintiff suffered altered the terms and/or the conditions of her employment.

64. Additionally, the harassment which Plaintiff suffered at the hands of each of the Defendants was malicious, fraudulent and/or oppressive, warranting an award of punitive damages.

65. It has become necessary for the Plaintiff to retain the services of an attorney, and therefore, she is entitled to attorney fees and costs.

## SECOND CAUSE OF ACTION
**(Title VII--Hostile Work Environment)**

66. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

67. Plaintiff is a woman and a member of a protected group or class, and is entitled to those protections outlined in Title VII of the Civil Rights Act of 1964.

68. As outlined hereinabove, Plaintiff was subjected to constant sexual harassment including unwelcome sexual advances as well as other forms of sexual harassment.

69. Plaintiff suffered sexual harassment specifically because she is a woman.

70. The harassment which Plaintiff suffered was severe and pervasive so as to alter the conditions of her employment and create an abusive working environment such that both Plaintiff and a reasonable person in her position would perceive the abusive environment.

71. A basis exists for holding Plaintiff's employer liable for the harassment because her employers, their agents and employees knew of the harassment or should have known of it but failed to take any remedial action.

72. As a direct and proximate cause of the harassment which she suffered, Plaintiff

has been damaged in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**(Wrongful/Constructive Discharge under Title VII and State Common Law)**

73. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

74. As alleged hereinabove, Defendants subjected Plaintiff to constant and severe sexual harassment which effectively altered the terms of Plaintiff's employment.

75. As a result of the constant and severe harassment which she suffered, Plaintiff was forced to undergo medical care as set forth above, and Plaintiff was unlawfully discharged or constructively discharged from her employment.

76. As a result of her discharge or constructive discharge, Plaintiff suffered damages, including lost wages and earning capacity, in an amount to be proven at the time of trial.

**FOURTH CAUSE OF ACTION**
**(Assault)**

77. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

78. As described hereinabove, Defendants caused Plaintiff to feel apprehension of harmful or offensive contact to her person on multiple occasions.

79. As a direct and proximate cause of Plaintiff's apprehension of harmful or offensive contact to her body, she has suffered damages in, among other ways, in body and mind in an amount to be determined at the time of trial.

**FIFTH CAUSE OF ACTION**
**(Battery)**

80. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs inclusive, as though fully set forth herein.

81. As described hereinabove, Defendants made intentional, unlawful and harmful contacts with Plaintiff on numerous occasions.

82. As a direct and proximate cause of these intentional, unlawful and harmful

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

contacts, Plaintiff has suffered damages in, among other ways, in body and mind in an amount to be determined at the time of trial.

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

83. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

84. As set forth hereinabove, Defendants' conduct was intentional and extreme and/or outrageous with either the intention of, or reckless disregard for causing, emotional distress to Plaintiff.

85. Plaintiff suffered severe and/or extreme emotional distress as the actual and/or proximate result of Defendants' outrageous conduct.

86. As a direct and proximate cause of Defendants' breaches of their duties of care, Plaintiff suffered damages in an amount to be proven at the time of trial.

**SEVENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

87. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

88. As set forth hereinabove, Defendants owed a duty of care to Plaintiff.

89. Defendants breached their respective duties of care to the Plaintiff.

90. Defendants' breaches were the legal cause of Plaintiff's injuries.

91. Plaintiff suffered severe emotional distress as a direct and proximate result of Defendants' breaches and as described hereinabove.

92. As a direct and proximate cause of Defendants' breaches of their duties of care, Plaintiff suffered damages in an amount to be proven at the time of trial.

**EIGHTH CAUSE OF ACTION**
**(Concert of Action)**

93. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

94. Defendants acted together to commit the torts described hereinabove while acting in concert and/or pursuant to a common design.

95. As a direct and proximate cause of Defendants' wrongful acts, Plaintiff sustained damages in an amount to be proven at the time of trial.

**NINTH CAUSE OF ACTION**
**(Civil Conspiracy)**

96. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

97. As set forth hereinabove, Defendants, by acting in concert, intended to accomplish an unlawful objective for the purpose of harming Plaintiff.

98. As a direct and proximate cause of Defendants' wrongful acts, Plaintiff sustained damages in an amount to be proven at the time of trial.

**TENTH CAUSE OF ACTION**
**(Breach of Contract)**

99. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

100. As referenced hereinabove, Plaintiff entered into a valid contract with her employer, THE LIGHT GROUP and/or DANCING MONKEY, LLC.

101. Plaintiff performed her obligations under the contract.

102. Defendant breached the contract by, among other things, subjecting Plaintiff to a hostile work environment, sexual harassment, retaliating against her and constructively discharging her from her employment.

103. As a direct and proximate cause of Defendant's breach, Plaintiff sustained damages in an amount to be proven at the time of trial.

**ELEVENTH CAUSE OF ACTION**
**(Tortious Breach of the Covenant of Good Faith and Fair Dealing)**

104. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates said paragraphs by reference.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

105. A valid contract existed between Plaintiff and THE LIGHT GROUP and/or DANCING MONKEY, LLC.

106. Said Defendants owed a duty of good faith to Plaintiff arising from the contract.

107. A special relationship existed between said Defendants and Plaintiff by virtue of the employment relationship as well as established by the facts and circumstances described hereinabove.

108. Said Defendants breached the duty of good faith by engaging in misconduct as described hereinabove.

109. As a direct and proximate cause of Defendants' breaches of the covenant of good faith and fair dealing, Plaintiff suffered damages in an amount to be determined at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for compensatory and punitive damages plus costs, interest and attorney fees.

DATED this 29 day of March, 2011.

MARQUIS AURBACH COFFING

By ______________________
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
SHANE W. CLAYTON, ESQ.
Nevada Bar No. 8783
10001 Park Run Drive
Las Vegas, Nevada 89145

MICHAEL J. AMADOR, CHTD.
MICHAEL J. AMADOR, ESQ.
Nevada Bar No. 2323
800 S. 7th Street
Las Vegas, NV 89101

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816